# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Kevin Faile, Louis C. Roman, Alan R. DePalma,)<br>and Brian Scott Craton, all individually and on )<br>behalf of all other similarly situated individuals, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Lancaster County, South Carolina, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 0:10-cv-2809-CMC<br><br><br>**DEFENDANT'S RESPONSES TO<br>PLAINTIFFS' FIRST SET OF<br>REQUESTS FOR ADMISSIONS** |

**TO:**    **DAVID E. ROTHSTEIN, ESQUIRE, ATTORNEY FOR PLAINTIFFS**

Defendant responds to Plaintiff's First Set of Requests for Admissions as follows:

1.    **Admit that prior to November 5, 2010, employees in Defendant's EMS Department who work 24-hour shifts were scheduled to work from 0800 hours until 0815 the following day.**

     <u>**Response:**</u>    Admitted.

2.    **Admit that prior to November 5, 2010, employees in Defendant's EMS Department who work 24-hour shifts were only paid based on the 24-hour period of 0800 to 0800 the following day.**

     <u>**Response:**</u>    Defendant admits that, upon information and belief, EMS Director Lanny

Bernard believed that rounding to the nearest quarter hour, authorized by 29 CFR § 785.48(b),

permitted the rounding down of the quarter hour at the end of the shift, during which time the

outgoing shift would transfer records, drugs, equipment and vehicles to the oncoming shift, and

that the Director conformed his pay practices to that belief.

3.    **Admit that on or about November 5, 2010, the Director of Defendant's EMS Department announced that the Department was changing its policy so that 24-hour shifts would be scheduled from 0800 to 0800 the following day.**

**Response:**    Admitted.

4.    **Admit that the EMS Department's written policy prior to October 5, 2010 provided in part, that "On-duty personnel will clock in prior to 0801 on ePro Scheduler and clock out after 0815."**

**Response:**    Defendant admits that the EMS Director issued Standard Operating

Procedures believed by Defendant to be quoted or paraphrased in this request, that the document

bates labeled Defendants 1714 through 1812 and produced by Defendant in response to requests

for production is an accurate reproduction of the Standard Operating Procedures, and that the

document speaks for itself.

5.    **Admit that the EMS Department's written policy prior to October 5, 2010 provided, in part, that "Work hours for all twenty-four (24) hour employees is 0800-0815 the following day."**

**Response:**    Defendant admits that the EMS Director issued Standard Operating

Procedures believed by Defendant to be quoted or paraphrased in this request, that the document

bates labeled Defendants 1714 through 1812 and produced by Defendant in response to requests

for production is an accurate reproduction of the Standard Operating Procedures, and that the

document speaks for itself.

6.    **Admit that the EMS Department's written policy prior to October 5, 2010 provided, in part, that "Work hours for 24 hour crews will be from 0800-0815 the next morning."**

**Response:**    Defendant admits that the EMS Director issued Standard Operating

Procedures believed by Defendant to be quoted or paraphrased in this request, that the document

bates labeled Defendants 1714 through 1812 and produced by Defendant in response to requests

for production is an accurate reproduction of the Standard Operating Procedures, and that the

document speaks for itself.

7. **Admit that the EMS Department's written policy prior to October 5, 2010, provided that an off-going crew may not leave until released by the on-duty supervisor at the end of each shift.**

<u>**Response:**</u>     Defendant admits that the EMS Director issued Standard Operating

Procedures believed by Defendant to be quoted or paraphrased in this request, that the document

bates labeled Defendants 1714 through 1812 and produced by Defendant in response to requests

for production is an accurate reproduction of the Standard Operating Procedures, and that the

document speaks for itself.

8. **Admit that the EMS Department's written policy prior to October 5, 2010 provided, in part, that "Twenty-four(24) hour shift employees are eligible for overtime after accruing one hundred-six (106) hours of straight time work" in any two-week pay period.**

<u>**Response:**</u>     Defendant admits that the EMS Director issued Standard Operating

Procedures believed by Defendant to be quoted or paraphrased in this request, that the document

bates labeled Defendants 1714 through 1812 and produced by Defendant in response to requests

for production is an accurate reproduction of the Standard Operating Procedures, and that the

document speaks for itself.

9. **Admit that none of the named Plaintiffs is a salaried, exempt employee of Defendant.**

<u>**Response:**</u>     Defendant admits that the named Plaintiffs were not considered by

Defendant to be salaried, exempt employees from October 29, 2007 to October 29, 2010.

10. **Admit that none of the opt-in Plaintiffs who have filed a Consent to Join Lawsuit Form is a salaried, exempt employee of Defendant.**

<u>**Response:**</u>     Defendant admits that the Plaintiffs on behalf of whom opt-in notices have

been filed as of the date of these responses were not considered by Defendant to be salaried,

exempt employees from October 29, 2007 to October 29, 2010.

3

11.     **Admit that Defendant does not operate a paid fire service.**

**Response:**     Defendant is unable to respond to this request because the term "paid fire service" is undefined; therefore, the request is denied.

12.     **Admit that none of the named Plaintiffs or opt-in Plaintiffs have been engaged in fire protection activities for Defendant during the period covered by the Complaint.**

**Response:**     Defendant is unable to admit or deny this request because it is still investigating the number of law enforcement and fire protection calls involving EMS and the extent of involvement of EMS in law enforcement and fire protection activities; therefore, the request is denied. Defendant will supplement this response as necessary during the course of discovery.

13.     **Admit that none of the named Plaintiffs or opt-in Plaintiffs have routinely provided services that are "substantially related to firefighting activities" on behalf of Defendant during the period covered by the Complaint.**

**Response:**     Defendant is unable to admit or deny this request because it is still investigating the number of law enforcement and fire protection calls involving EMS and the extent of involvement of EMS in law enforcement and fire protection activities; therefore, the request is denied. Defendant will supplement this response as necessary during the course of discovery.

14.     **Admit that none of the named Plaintiffs or opt-in Plaintiffs were "regularly dispatched to fires, crime scenes, riots, natural disasters and accidents, on behalf of Defendant during the period covered by the Complaint.**

**Response:**     Defendant is unable to admit or deny this request because it is still investigating the number of law enforcement and fire protection calls involving EMS and the extent of involvement of EMS in law enforcement and fire protection activities; therefore, the request is denied. Defendant will supplement this response as necessary during the course of

4

discovery.

15.    **Admit that prior to October 5, 2010, employees in Defendant's EMS Department who worked 24-hour shifts were scheduled for a designated sleep period from 2300 to 0700 the following morning.**

   **Response:**    Admitted.

16.    **Admit that from October 29, 2007 until October 29, 2010, more than 50% of all designated sleep periods in Defendant's EMS Department were interrupted by at least one emergency call.**

   **Response:**    Defendant is unable to admit or deny this request because it is still investigating the number of interruptions during the designated sleep periods due to emergency calls; therefore, the request is denied. Defendant will supplement this response as necessary during the course of discovery.

17.    **Admit that Defendant never received any written guidance or interpretation from the United States Department of Labor or any employee or agent of the United States Department of Labor regarding the overtime compensation practices of Defendant's EMS Department.**

   **Response:**    Defendant admits that County Administrator Steve Willis, Deputy County Administrator Jeffrey Naftal, and Human Resources Director Lisa Robinson have not communicated with any representative of the Department of Labor concerning the EMS Department's overtime practices. Defendant further admits that, upon information and belief, EMS Director Lanny Bernard communicated by telephone with a representative of the U.S. Department of Labor shortly after his hiring as Director. Defendant is unable to respond further to this request because it lacks knowledge of the activities of previous members of management; therefore, the remainder of the request is denied.

18.    **Admit that during the times relevant to the complaint in this case, Defendant's EMS Department had a regular practice of paying full-time employees an extra shift of 16 hours for pay periods where there were two short weeks, so that employees**

5

generally received at least 40 hours of pay each week.

    <u>Response:</u>    Defendant admits that, without the knowledge or consent of its

management, the EMS Director and/or Operations Manager included in the pay of employees on

24-hour shifts an additional 16 hours of pay for which the employees did not work

approximately 8 times per year.

19.    **Admit that Donald Hyatt, as Defendant's EMS Department's Operations Manager, had authority to adjust the compensation of employees of Defendant's EMS Department, as part of his job responsibilities.**

    <u>Response:</u>    Denied.

DERWOOD L. AYDLETTE, III (FID 5036)
CHRISTOPHER W. JOHNSON (FID 7581)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Ave., Suite 100
Columbia, SC  29201
Tel.: (803) 799-9311
Fax: (803) 254-6951
daydlette@gsblaw.net
cjohnson@gsblaw.net

Columbia, South Carolina
February 4, 2011
respreqadmiss.wpd

**Certificate of Service**

I hereby certify that on the date indicated above, I caused to be served on counsel of record a true and correct copy of this document by U.S. Mail, first class postage prepaid.

GIGNILLIAT, SAVITZ & BETTIS, L.L.P.

ATTORNEYS FOR DEFENDANT