**Exhibit F**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Kevin Faile, Louis C. Roman, Alan R. DePalma, and Brian Scott Craton, all individually and on behalf of all other similarly situated individuals, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>Lancaster County, South Carolina, )<br><br>Defendant. ) | C.A. No. 0:10-cv-2809-CMC<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**TO:   DAVID E. ROTHSTEIN, ESQUIRE, ATTORNEY FOR PLAINTIFFS**

Defendant answers Plaintiffs' First Set of Interrogatories as follows:

Defendant asserts attorney/client privileges and immunities as to all communications between Defendant and its legal counsel, and thus objects to producing or disclosing such communications.

Undersigned counsel asserts work product privileges and immunities as to his own work product. Defendant therefore objects to producing such work product.

Defendant asserts work product privileges and immunities as to all communications and documentation prepared in anticipation of litigation and thus objects to producing such work product.

In setting forth these answers, Defendant does not waive any attorney/client, work product, or other privilege or immunity which may attach to information called for in, or which may be responsive to, these interrogatories. Defendant does not concede the relevance or

materiality of these interrogatories, the subject matter of these interrogatories, or documents produced in response to these interrogatories. Defendant reserves the right to question the competency, relevancy, materiality, privilege and admissibility of any documents produced or referred to herein. Defendant also reserves the right to revise, correct, supplement or clarify any of their answers or documents referred to herein.

The above objections, privileges and immunities are asserted in response to each of the following interrogatories as if set forth verbatim at the beginning of each interrogatory:

1.     **Identify any and all persons known to Defendant or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.**

**Response:**     In addition to the named and opt-in Plaintiffs, Defendant believes the following individuals may be witnesses concerning the facts of this case. Defendant may supplement or amend this response at a later time. Unless otherwise indicated, the individuals listed below may be contacted through counsel for Defendant.

a.     Jeffrey Naftal, Deputy Administrator, Lancaster County. The witness is expected to testify regarding the facts and circumstances alleged in the pleadings and the change in method of compensation in the EMS Department. No statement has been taken from the witness.

b.     Lisa Robinson, Human Resources Director, Lancaster County. The witness is expected to testify regarding the facts and circumstances of the alleged in the pleadings and the change in method of compensation in the EMS Department. No statement has been taken from the witness.

c.     Lanny Bernard, EMS Director, Lancaster County. The witness is expected to testify regarding the facts and circumstances of the alleged in the pleadings. No statement has been taken from the witness. The witness may be contacted at     [Redacted]

2

      d.      Donald Hyatt, EMS Operations Manager, Lancaster County. The witness is expected to testify regarding the facts and circumstances of the alleged in the pleadings. No statement has been taken from the witness. The witness may be contacted at     [Redacted]

2.      **For each person known to Defendant or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.**

      <u>Response:</u>    See response to Interrogatory 1.

3.      **Set forth a list of photographs, plats, sketches or other prepared documents in possession of Defendant that relate to the claims or defenses in this case.**

      <u>Response:</u>    Defendants are currently aware of no photographs, plats or sketches relating to the claims or defenses in this case. Documents that may relate to claims and defenses in this case are submitted in response to Plaintiffs' requests for production and/or will be supplemented.

4.      **Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claims and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.**

      <u>Response:</u>    None.

5.      **Identify any expert witnesses whom Defendant proposes to use as a witness at the trial of the case. For each expert, provide the following:**

      a.      **Describe the subject matter on which the expert is expected to testify;**
      b.      **Describe the substance of the facts and opinions to which the expert is expected to testify and provide a summary of the grounds for each such expert opinion; and**
      c.      **Describe the qualifications of the expert.**

      <u>Response:</u>    Defendant has not yet determined the need for expert testimony and will supplement this response at a later time.

3

6.     **Identify any and all lawsuits Defendant has been involved in under the Fair Labor Standards Act or any South Carolina state law regarding the payment of wages. For each such case, provide the following information: caption; the case number; jurisdiction; name, address and telephone number of attorneys for Plaintiff(s) and defendant(s); status of case; summary of allegations and defenses; and state whether and, if so, how the case was resolved.**

       <u>Response:</u>     Defendant objects to this interrogatory on the basis that it is overly broad

and not reasonably calculated to lead to the discovery of relevant evidence. Defendant further

objects that the requested information is available in public records that may be as easily

searched by Plaintiffs as by Defendant. Subject to and without waiving the foregoing objections,

Defendant responds that its management is aware of no lawsuits under the Fair Labor Standards

Act or the South Carolina Wage Payment Act in the past 12 years.

7.     **Identify any and all employees of Defendant who have been employed as a paramedic, EMT, or ambulance driver at any time from January 1, 2002 to the present. For each such person, provide their full name; last known address and telephone number; position(s) or rank(s) with Defendant and corresponding date(s) in each position; dates of employment with Defendant; salary, wages, or regular rate of pay; the effective dates of any changes to salary, wages, or regular rate of pay; current employment status. For each such employee, state whether the employee is classified as a 24-hour employee, a week-day or 8-5 employee, PRN, part-time, or auxiliary, and provide the effective dates of any changes in such status.**

       <u>Response:</u>     Defendant objects to this interrogatory on the basis that it is overly broad

both temporally and with respect to subject matter, unduly burdensome, seeks confidential

information about non-parties to the lawsuit without such non-parties' permission and is not

reasonably calculated to lead to the discovery of relevant evidence. Subject to and without

waiving the foregoing objections, Defendant responds that personnel files of each named and

opt-in Plaintiff are being produced, from which Plaintiffs may obtain the information requested

concerning such named and opt-in Plaintiffs.

4

8. **For each non-exempt employee of Defendant's EMS Department from October 29, 2007 to the present, provide the following information for each work week: (1) total hours actually worked, (2) training hours, (3) mandatory on-call hours, (4) off-duty call response hours, whether designated as volunteer time or not, (5) annual leave, PTO, holiday pay, sick leave, or comp time used, (6) regular, stated hourly rate, (7) total compensation received, specifically identifying any premium pay for overtime or pay for working on a holiday, and (8) any additional pay received, such as that which has been routinely provided to employees during pay periods with two "short weeks."**

    **Response:**    Defendant is producing herewith Attendance Reports (bates labeled Defendants 307-932) and ePro Scheduler database and scheduling data (on a disk bates labeled Defendants 1713) containing such of the requested information as is available.

9. **Identify all employees who have served as Field Training Officers, STAR Team Medics, or Fire Department First Responders at any time from October 1, 2007 to the present.**

    **Response:**    Defendant objects to this interrogatory on the basis that it is overly broad both temporally and with respect to subject matter and that it is not reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waiving the foregoing objections, Defendant responds that the EMS Department does not have a "Fire Department First Responders" position. Defendant further responds that the following named and opt-in Plaintiffs served as STAR Team Medics from the period October 29, 2007 to October 29, 2010:

        Edward F. Abbott, Jr.
        William R. Bell, Jr.
        Greg Brasington
        David Demby (until October 16, 2008)
        Jane Demby (until October 16, 2008)
        Josh Faulkenberry (until November 17, 2008)
        Sol Garcia
        Barton L. Glenn (beginning November 6, 2009)
        Jason Claude Hoke (until November 2, 2009)
        Jason Humphries (until September 18, 2009)
        Marty B. Humphries (until October 19, 2010)

John Loftin
Richard F. Mann (until September 13, 2009)
Charles T. Payne, II
Phillip W. Polston
Dustin Roberts
Thomas G. Robinson (until September 3, 2008)
Russell M. Rogers (until January 2, 2008)
Louis C. Roman

Defendant further responds that the following named and opt-in Plaintiff served as Field Training

Officers or Assistant Field Training Officers during the period from October 29, 2007 to October

29, 2010:

William R. Bell, Jr. (Assistant, beginning July 18, 2010)
Greg Brasington (beginning November 25, 2007)
Jane Demby (beginning June 20, 2010)
Marty B. Humphries (Assistant, beginning June 20, 2010)
John E. Loftin
Michele Robinson (Assistant, beginning October 9, 2010)
Thomas G. Robinson
Joseph T. Rouse (beginning June 20, 2010)
Tammy Vincent (Assistant, beginning June 20, 2010)
Wayne Willis (beginning June 20, 2010)

**10.**    **Identify any and all computer programs used by Defendant to prepare payroll or to maintain or process Defendant's EMS Department's payroll information system at any time from January 1, 2007 to the present.**

    **Response:**    Defendant objects to this interrogatory on the basis that it is temporally

overly broad. Subject to and without waiving the foregoing objection, Defendant responds that, at

times between October 29, 2007 and October 29, 2010, its EMS Department used a program

called or known as "ePro Scheduler" and that Defendant used a program called or known as "CSI

Accounting Plus" and/or "CSI Delivery Point."

**11.**    **Identify any and all computer programs, time clocks, or other devices used by Defendant's EMS Department to schedule employees to work, to record or calculate hours worked by each employee, and to determine compensable work time at any**

**time from January 1, 2007 to the present.**

> **Response:**    Defendant objects to this interrogatory on the basis that it is temporally overly broad. Subject to and without waiving the foregoing objection, Defendant references its response to Interrogatory 10. Defendant further responds that, during the period from October 29, 2007 to October 29, 2010, EMS Department employees used computer terminals in Defendant's EMS stations to clock-in, clock-out and report their time to EMS Department management through ePro Scheduler.

12.    **Identify any and all persons who have assisted with or prepared payroll (or who have prepared, combined, compiled, calculated, assembled, or maintained any information used to determine payroll, such as compensable time, adjustments to time worked, or supplements to pay) for employees of Defendant's EMS Department at any time from January 1, 2002 to the present.**

> **Response:**    Defendant objects to this interrogatory on the basis that it is temporally overly broad. Subject to and without waiving the foregoing objection, Defendant responds that at times during the period October 29, 2007 to October 29, 2010, Donald Hyatt in EMS and various members of the Finance Department assisted with or prepared payroll for the EMS Department.

13.    **Identify any representative of the United States Department of Labor with whom any employee, officer, director, attorney, or representative of Defendant or Defendant's EMS Department has communicated about Defendant's overtime practices for employees of the EMS Department at any time since January 1, 1998.**

> **Response:**    Due to normal turnover in management Defendant is unable to respond with certainty to this Interrogatory and, therefore, objects to the Interrogatory. Subject to and without waiving the foregoing objection, Defendant responds that County Administrator Steve Willis, Deputy County Administrator Jeffrey Naftal, and Human Resources Director Lisa Robinson have not communicated with any representative of the Department of Labor

concerning the EMS Department's overtime practices. Defendant further responds that, upon

information and belief, EMS Director Lanny Bernard spoke with a representative of the

Department of Labor by telephone shortly after his hiring as Director to familiarize himself with

the requirements of the Fair Labor Standards Act.

14.    **Identify any and all persons who were involved in creating, establishing, implementing, approving, reviewing, or revising Defendant's policies, procedures, or practices for paying employees overtime compensation within Defendant's EMS Department from January 1, 1998 to the present.**

   **Response:**    Lanny Bernard approved, created and/or implemented practices

concerning overtime compensation within the EMS Department during his tenure as EMS

Director.

15.    **State when Defendant first implemented 24-hour shifts for employees of its EMS Department.**

   **Response:**    Upon information and belief, 24-hour shifts have been used in EMS since

the Department's establishment in or about 1976.

16.    **Identify any and all individuals involved in creating the spreadsheet attached to the e-mail of December 17, 2010, from Defendant's counsel to Plaintiffs' counsel, and describe in complete detail the nature of each person's involvement.**

   **Response:**    Defendant objects to this interrogatory to the extent it seeks to invade the

attorney-client and/or work produce privileges. Subject to and without waiving the objection,

Sara Jenkins, an Accountant in Defendant's Finance Department gathered and input data into

spreadsheets and devised calculations, which were reviewed by Jeffrey Naftal and counsel for

Defendant. Counsel edited the spreadsheets to include further calculations.

17.    **State what percentage of shifts within Defendant's EMS Department have received one or more emergency calls between 11:00 p.m. and 7:00 a.m., for each station, from January 2, 2002 to the present.**

8

**Response:**     Defendant objects to this Interrogatory on the basis that it is temporally overly broad. Subject to and without waiving the foregoing objection, Defendant responds that it does not know at this time what percentage of shifts within the EMS Department received one or more emergency calls between 11:00 p.m. and 7:00 a.m. Defendant is gathering data that it believes will provide such information for the period from October 29, 2007 to October 29, 2010, and will supplement such information at a later time.

18.     **Set forth in complete detail the legal and factual basis for the allegations in Defendant's Eighth Defense that it is entitled to a set-off.**

**Response:**     Defendant objects to this Interrogatory on the basis that its demand for "complete detail" is unreasonable, overly broad and seeks contentions of the Defendant that have not yet been fully developed in discovery. Subject to and without waiving the foregoing objections, Defendant responds that it is informed and believes that EMS employees were paid holiday pay, extra holiday pay, and 16 hours of additional pay approximately 8 times per year for which they did no work.  Defendant is entitled to set off against any overtime allegedly owed by it any premium payments that it made to employees. *See e.g., O'Brien v. Town of Agawam,* 491 F.Supp.2d 170 (D. Mass. 2007). Accordingly, Defendant seeks a set-off of any premium payments received from it by EMS employees, including the premium payments aforementioned. Defendant further responds that it is informed and believes that EMS employees were credited with extra holiday pay and with the 16 hours of additional pay for which they did no work in violation of County policy and without the knowledge or consent of County management. Accordingly, Defendant is informed and believes that it is entitled to recoup such overpayments from its employees. Defendant may further develop the legal theories and facts entitling it to a

9

set-off as these proceedings continue.

19.    **Identify any and all attorneys who have provided any advice to, or performed any legal services for, Defendant on any labor or employment matters since January 1, 2002, and provide the dates and a general description of each separate matter.  This interrogatory does not seek the disclosure of any information protected by the attorney-client privilege or the attorney work product doctrine.**

**Response:**     Defendant objects to this Interrogatory on the basis that, despite its claim otherwise, it seeks on its face information protected by the attorney-client and/or attorney work product privileges. Defendant further objects that the Interrogatory is not reasonably calculated to lead to the discovery of relevant evidence.

20.    **State how many times Defendant's EMS crews have been dispatched to fires, crime scenes, riots, natural disasters, and accidents from January 1, 2005 to the present, specifically and separately listing the number of each such type of dispatch.**

**Response:**     Defendant objects to this Interrogatory on the basis that it is temporally overly broad. Subject to and without waiving the foregoing objection, Defendant responds that it does not, at this time, know how many times its EMS crews have been dispatched to fires, crime scenes, riots, natural disasters and accidents. Should Defendant uncover data that will provide such information for the period from October 29, 2007 to October 29, 2010, it will supplement this response at a later time.

21.    **Identify any and all persons who assisted in the preparation of the Answers to the above Interrogatories, Responses to the below Requests for Production, or Defendant's Responses to Plaintiff's First Set of Requests for Admissions.**

**Response:**     Defendant objects to this Interrogatory to the extent it seeks to invade the attorney-client privilege. Subject to and without waiving the foregoing objection, Defendant responds that Jeffrey Naftal and Lisa Robinson assisted counsel for Defendant in gathering information for and preparing responses to Plaintiffs' discovery.

10

Columbia, South Carolina
February 4, 2011
Ansint.1363.J.wpd

**Certificate of Service**
I hereby certify that on the date indicated above, I
caused to be served on counsel of record a true and
correct copy of this document by U.S. Mail, first class
postage-prepaid.

GIGNILLIAT, SAVITZ & BETTIS, L.L.P.

DERWOOD L. AYDLETTE, III (FID 5036)
CHRISTOPHER W. JOHNSON (FID 7581)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Ave., Suite 100
Columbia, SC  29201
Tel.: (803) 799-9311
Fax: (803) 254-6951
daydlette@gsblaw.net
cjohnson@gsblaw.net

ATTORNEYS FOR DEFENDANT

11